UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO POLICE OFFICERS' ASSOCIATION,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL AGUIRRE; CITY OF SAN DIEGO; SAN DIEGO CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>  Defendants. | CASE NO. 05-CV-1581 H (POR)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER OR STAY OF STATE COURT PROCEEDINGS** |

On September 22, 2006, the Court convened a hearing on Plaintiffs' application to certify a class in a related case, *Aaron v. Aguirre*, 06-CV-1451-H. The evening before the noticed hearing, on September 21, 2006, Plaintiffs' served an application for a temporary restraining order or stay of state court proceedings, or in the alternative, requested an order to show cause why the state court action should not be stayed in both the *Aaron* case and the above-captioned case. Due to the impending fairness hearing in the state court proceeding, the Court permitted Plaintiffs to file the request for a temporary restraining order, accepted for filing the oppositions to that request, and heard oral argument on the issue.

Christopher Nissen, Esq. and Bradley Matthews, Esq. appeared on behalf of Plaintiffs; Rodney Perlman, Esq. and Donald McGrath, Esq. appeared on behalf of Defendant Aguirre; Peter Benzian, Esq. and Colleen Smith, Esq. appeared on behalf of Defendant City of San Diego

1  and the Individual Defendants; and Reg Vitek, Esq. and Matthew Mahoney, Esq. appeared on
2  behalf of Defendant San Diego City Employees' Retirement System ("SDCERS"). Also, Martha
3  Gooding, Esq. and Stephen Cook, Esq. appeared for Defendant KPMG, LLP. in the *Aaron*
4  action.

5       In addition, Michael Conger, Esq. and Richard Benes, Esq. attended the hearing on behalf
6  of Plaintiff William J. McGuigan in a state court action, *McGuigan v. City of San Diego*, GIC
7  849883, which is pending before San Diego Superior Court Judge Richard Strauss.

8       For the reasons stated below and at the hearing, the Court DENIES Plaintiffs' request for
9  a temporary restraining order ("TRO") or stay of the state court proceedings.

## Background

11       This action has been before the Court since August 2005, and the Court is familiar with
12  the facts and issues and does not repeat them here. Plaintiff San Diego Police Officers'
13  Association has filed this suit in its capacity as the recognized employee organization
14  representing police officers employed by the San Diego Police Department. The same counsel
15  recently filed a related case, *Aaron v. Aguirre*, in the name of over 1,600 individual police
16  officers. The application for the temporary restraining order concerns both federal cases, and
17  the Court has issued separate but identical orders in both dockets. (The order in the *Aaron* case
18  also addresses class certification motion).

19       In addition to the *SDPOA* and *Aaron* actions pending in federal court, there are numerous
20  related lawsuits in state court, including the consolidated cases by SDCERS pending before San
21  Diego Superior Court Judge Barton which address the legality of the Managers' Proposals I and
22  II, as well as criminal investigations. *See* Status Report Regarding Related State Court Actions
23  (filed May 12, 2006). The *McGuigan* lawsuit, which is the subject of Plaintiffs' request for a
24  TRO or stay, was filed in state court in June 2005 and Judge Strauss has calendared a fairness
25  hearing to determine if that action should be settled under the negotiated term that the City
26  contribute $173 million into SDCERS. The Court takes judicial notice of these other state court
27  proceedings, and the Court has the entire context of the pension crisis in mind in ruling on the
28  instant motion.

**Temporary Restraining Order or Stay of State Court Proceedings**

To obtain injunctive relief, plaintiff must demonstrate "either: (1) a likelihood of success on the merits and the possibility of irreparable harm; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). These two tests represent extremes of a single continuum; thus, the greater the relative hardship to plaintiff, the less probability of success need be shown. *Id.*

The primary concern with Plaintiffs' application to enjoin or stay the state court proceedings is the principle of federalism, which requires the federal court to respect the concurrent jurisdiction of the state courts. Plaintiffs have not made a sufficient showing of facts that would authorize the federal court to interfere with or disrupt the state court action.

At the August 2, 2006 hearing, the Court considered Plaintiffs' first request to enjoin or stay the state court proceedings in *McGuigan*. Order Denying Without Prejudice Plaintiffs' Application for TRO (filed August 3, 2006). At that time, the City had *proposed* language purporting to dispose of the *federal causes of action* even though the SDPOA had not yet had an opportunity to oppose the settlement terms. But since that time, the proposed settlement agreement in *McGuigan* has been narrowed to focus on the underfunding of the pension as defined by the difference in the actuarial's calculation and the City's actual contribution for fiscal years 1997 to 2004. Nissen Decl. Ex. D (filed Sept. 15, 2006 in reply to class certification motion in 06-CV-1451-H). This alteration eliminates the Court's concern because the broad language has been removed. Nissen Decl. Ex. D. Moreover, the record now shows that the SDPOA will have a fair opportunity to object to the terms of the settlement. The state court has allowed interested persons to file written objections by September 29, 2006, and the fairness hearing will be held on October 16, 2006.

Turning to the traditional test for issuing a temporary restraining order, the Court finds that Plaintiffs have not made a showing of irreparable harm if the state court proceeds with its fairness hearing on the proposed class action settlement. The underfunding of the pension is a state law question that is appropriately handled in state court. In any event, federal policy favors

1    settlement of disputes and the state court proceedings are not violating the federal civil rights
2    laws in any way whatsoever.  Most importantly, the state court will provide an opportunity for
3    SDPOA to raise its objections to the fairness of the proposed settlement (including its allegations
4    of notice, lack of opt-out, adequacy of class counsel).  The brief that Plaintiffs' filed contains
5    arguments that can be presented to Judge Strauss for his consideration.  Finally, any *res judicata*
6    effect of the state court settlement on the issues in this federal litigation will be determined in
7    the future motion proceeding, thereby giving Plaintiffs another fair opportunity to argue their
8    position.  Accordingly, the Court denies Plaintiffs' request to stay, enjoin, or otherwise interfere
9    in the state court proceedings.

**Conclusion**

11    Upon due consideration of the parties' memoranda and exhibits, the arguments of counsel,
12    a review of the record, and for the reasons set forth above and at the hearing:

13    1. The Clerk of the Court may file Plaintiffs' motion for a temporary restraining order
14    or stay and the oppositions to the temporary restraining order submitted by Defendant City of
15    San Diego and by Michael Conger, on behalf of the *McGuigan* state court action; and the Court
16    will deem the pleadings to have been filed in both *SDPOA*, 05-CV-1581-H and *Aaron*, 06-CV-
17    1451-H.  In the future, all counsel must file an original pleading for each docket.

18    2. The Court DENIES Plaintiffs' motion for temporary restraining order staying state
19    court proceedings, or in the alternative, for an order to show cause why state court proceedings
20    should not be stayed.

21    IT IS SO ORDERED.

22    DATED:  September 22, 2006

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

25    CC:  All Counsel of Record

26    *Michael Conger, Esq.
      P.O. Box 9374
27    Rancho Sante Fe, CA 92067

28

05cv1581