# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO POLICE OFFICERS' ASSOCIATION, on behalf of itself and behalf of all of its members,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL AGUIRRE; CITY OF SAN DIEGO; SAN DIEGO CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>Defendants. | CASE NO. 05-CV-1581 H (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Docket Nos. 465 & 466] |

On October 13, 2006, the Court convened a hearing on Plaintiff's motions for partial summary judgment on the vested nature of the pension benefits and for an accounting. Christopher Nissen, Esq. appeared on behalf of Plaintiff San Diego Police Officers' Association ("SDPOA"); Rodney Perlman, Esq. appeared on behalf of Defendant Aguirre; Peter Benzian, Esq. appeared on behalf of Defendant City of San Diego and the Individual Defendants; and Matthew Mahoney, Esq. appeared on behalf of Defendant San Diego City Employees' Retirement System ("SDCERS"). The Court announced its decision to deny both motions without prejudice at the conclusion of the hearing, and hereby incorporates those oral remarks into this written Order.

A party is entitled to summary judgment if the pleadings and other documents show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

I. "Vested" Retirement Benefits

In Plaintiff's first motion, it seeks a partial summary adjudication that the contractual right to pension benefits is vested in SDPOA's members upon joining the City of San Diego's police force. Plaintiff SDPOA is the employee organization, and its membership includes the active and retired police officers (holding the rank of lieutenant and below) who belong to the union.[1] Plaintiff SDPOA annually negotiates the labor contract with the Defendant City, including retirement and healthcare benefits. *E.g.*, Pls.' Ex. C (Memorandum of Understanding for July 1, 2003 to June 30, 2004). Defendant SDCERS is the public employee retirement plan. Plaintiff SDPOA argues that participation in the municipal pension plan is mandatory and that the benefits are vested immediately upon accepting public employment. San Diego Charter, art. IX, §§ 141, 143 (Pls.' Ex. E at 106-07); San Diego, Cal., Code ch. II, art.4, § 24.0104(a) (1982) (Pls.' Ex. D at 103). At the hearing and in its reply brief, Plaintiff clarified its position and argued that it is appropriate to resolve this first step in the analytical process even though the amount of the benefits may be undetermined at this time. Plaintiff contends that it must first prove that the members of the SDPOA have existing pension rights in order to then prove their claims that the defendants have violated the civil rights protected by the contracts and takings clauses of the United States Constitution (among other claims) by reducing those protected pension rights. Plaintiff SDPOA argues that its motion is analogous to an entry of partial summary judgment to a precursor issue, such as liability when the amount of damages is disputed.

The Court denies the motion because Plaintiff is essentially asking for a declaration of governing law that is divorced from particular facts. The Court rejects Plaintiff's analogy to cases where entry of partial summary judgment was appropriate, because a statement from the

---

[1] The police officers have filed a separate action in their individual capacities. *Aaron v. Aguirre*, 06-CV-1451-H.

1  Court that abstract pension rights are "vested" will not "isolate and dispose" of a claim or a
2  separate "part thereof" in this complex litigation. Fed. R. Civ. P. 56(b), (d); *Celotex Corp. v.*
3  *Catrett*, 477 U.S. 317, 323-24 (1986); *cf. Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 768-69 & n.3
4  (9th Cir. 1981) (considering whether defendant was liable as owner of vessel for seaman's Jones
5  Act claim). In the context of the City's pension crisis, Plaintiff's motion will not materially
6  advance the resolution of this federal lawsuit, and indeed, may hinder the resolution of the
7  several lawsuits pending in state court. None of the parties dispute that, under controlling
8  California Supreme Court authority, a public employee's pension "right" is vested at time of
9  employment. But this case does *not* involve a situation in which a municipality has tried to
10 "entirely destroy" an employee's pension. *Kern v. City of Long Beach*, 29 Cal.2d 848, 853
11 (1947); *Dryden v. Board of Pension Commrs.*, 6 Cal.2d 575, 579 (1936). SDCERS is
12 functioning and is currently making its required payments to retirees, and the City has not
13 announced any intention to "unilaterally repudiate" the pension plan. *In re Marriage of Brown*,
14 15 Cal.3d 838, 842-45 (1976). The critical issue in the alleged underfunding of the pension
15 relate to whether the City and SDCERS have jeopardized future benefits for its employees. But
16 the amount of the benefit depends on the particular facts of each employee's history in relation
17 to his or her employment contract. California law is clear that pension benefits can be modified
18 to insure the integrity of the entire system. *Allen v. City of Long Beach*, 45 Cal.2d 128, 131
19 (1955); *Wisely v. City of San Diego*, 188 Cal.App.2d 482, 486-87 (1961). The extent of
20 modification is subject to a "reasonableness" standard but this is an intensely factual question
21 that cannot be determined in a vacuum. *Carmen v. Alvord*, 31 Cal.3d 318, 325 (1982)
22 (substantially similar terms); *Kern*, 29 Cal.2d at 854-56. This case raises serious factual
23 questions, and it would be premature, and slightly misleading, to declare that members of
24 SDPOA have a "vested" right of some kind in the midst of ongoing civil, criminal, and
25 administrative proceedings regarding a significant fiscal problem. *Cf. Lies*, 641 F.2d at 769 n.3
26 (explaining use of partial summary judgment "procedure was intended to avoid a useless trial
27 of facts and issues over which there was really never any controversy and which would tend to
28 confuse and complicate a lawsuit") (quoting *Luria Steel & Trading Corp. v. Ford*, 9 F.R.D. 479,

1 | 481 (D. Neb. 1949)).

2   The Court also denies the motion because Defendants have identified factual disputes. Defendant Aguirre has asserted that conflict of interest problems invalidate some of the promised benefits. These allegations are contained in the same reports that Plaintiff relies upon to show that various defendants acted improperly. *E.g.* Third Am. Compl. ¶ 6 (citing Exs. C, D, G, & H), ¶¶ 19-22 (citing Manager's Proposal 2), ¶ 30, ¶ 39. It would not make sense to declare that Plaintiff's members have "vested" pension rights when the City Attorney is challenging the legality of some of those benefits. *See Ochiltree v. Iowa R.R. Contracting Co.*, 88 U.S. (21 Wall.) 249, 252-53 (1874) ("the obligation of a contract within the meaning of the Constitution is a *valid* subsisting obligation") (emphasis added); *Finnegan v. Schrader*, 91 Cal. App. 4th 572 (2001) (public employment contract void due to conflict of interest). The Court is also cognizant that an entry of partial summary judgment could interfere with the on-going state court cases that will adjudicate the underlying factual and legal issues. Similarly, Defendant City disputes whether some of the asserted benefits are properly classified as "pension rights," which would be protected by the contracts clause. For example, the City points to language that police officers enrolled in the DROP program are asserting elements of their *salary* – not their pension benefits – because they have not yet "retired." *E.g.*, City's Ex. E at 1,2, 9, 26; *see* Pls.' Ex. C at 129. The existence of factual issues as to the extent of any particular police officer's pension benefits further illustrates why it would be imprudent for the Court to grant a motion for summary judgment that members of SDPOA have nebulous "vested" rights.

  Accordingly, the Court DENIES without prejudice Plaintiff's motion for partial adjudication of "vested" pension rights.

II. Accounting Claim

  Plaintiff's seventeenth cause of action seeks an accounting from the City of San Diego and SDCERS (and various individual defendants). Third Amended Compl. ¶ 176 [Docket No. 353]. Plaintiff SDPOA asserts that it is "necessary to determine the location of assets and *trace the assets* that otherwise should be the property of SDCERS and the beneficiaries of the

Pension." *Id.* (emphasis added). In its second motion for a partial summary judgment, Plaintiff moves for a complete, accurate accounting of SDCERS from 1996 to present, including the amounts the City was obligated to pay into the fund, and the amounts of disbursements from SDCERS. Plaintiff asks the Court to appoint a special master to monitor the process (including the production of financial documents) and to appoint an independent accounting expert to conduct the financial analysis to determine the extent of the underfunding as well to determine whether there are sufficient funds to cover the police officers in the DROP program and all of the police officers' health care benefits. Plaintiff SDPOA seeks to determine if the accounts were kept accurately, to ascertain a reliable calculation of funds missing, and to show whether there was a conversion.

The Court agrees with Defendants that Plaintiff has not shown that a determination of an unknown balance due cannot be ascertained without an accounting. *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6-7 (1950) (listing elements of accounting claim). This lawsuit does not allege that retired police officers are not receiving their pension checks. Instead, Plaintiff is claiming that SDCERS is actuarially unsound and the City will not have sufficient funds in the future. To the extent that Plaintiff relies on the troubling evidence that the City has underfunded the pension, three independent and extensive reports have been issued on that problem. Pls.' Exs. K, L, & M. It would be expensive to require the City and SDCERS to undertake another labor intensive project of determining how the pension underfunding might affect the police officers in the future. An accounting is an equitable remedy. *San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 596 (1896); *Kritzer*, 96 Cal. App. 2d at 6. The Court finds that it would be inequitable to require another accounting at the expense of the system as a whole and the other beneficiaries. The Court also agrees with Defendants that Plaintiff is seeking a determination of the damages remedy *before* liability has been established. (As noted above, the state court trial may soon determine whether and to what extent the pension has been improperly underfunded; and whether the City Attorney is correct that certain pension benefits were illegal and void.)

In addition, Plaintiff SDPOA has access to at least some elements of the underlying financial information. As SDCERS points out, several of the specific items requested are

contained in the annual financial reports issued by SDCERS and the City of San Diego. For example, the amount of the City's annual "Employer Contributions Reserve," the City's contributions into the healthcare reserve, and the total disbursement of realized earnings pursuant to the "waterfall" provision. Thus, Plaintiff SDPOA has access to much of the data that it seeks. SDCERS does not track many of the other requested items. For example, SDCERS does not separate the funds for employees in the DROP program, let alone the *police officers* enrolled in that deferred retirement program (as compared to all municipal employees). As to these calculations, Plaintiff could retain experts to calculate the potential, sum certain damages. *Everyone* is waiting for the current financial reports. Independent auditors are in the process of preparing Comprehensive Annual Financial Reports for the City for fiscal years 2003 and 2004. It would not make sense to order an accounting until this process is complete.

Accordingly, the Court DENIES without prejudice Plaintiff's motion for summary adjudication of its Accounting cause of action. Because the Court denies Plaintiff's motion for an accounting at this time, the Court also denies Plaintiff's related request to enjoin the state court proceedings in *McGuigan* to maintain the status quo during the accounting.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the Court hereby DENIES without prejudice Plaintiff's (1) motion for partial summary adjudication that the contractual right to pension benefits is "vested" in SDPOA's members [Docket No. 465] and (2) motion for partial summary judgment for an accounting [Docket No. 466]. The Court permits the various joinders by Defendants in the opposition briefs. [Docket Nos. 486, 499]. The Court denies as moot Plaintiff's ex parte application. [Docket No. 505]

IT IS SO ORDERED.

DATED: October 24, 2006

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

05cv1581

1  CC: All Counsel of Record