1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

SAN DIEGO POLICE OFFICERS'
ASSOCIATION, on behalf of itself and
on behalf of all of its members,

CASE NO. 05-CV-1581 H (POR)

11

**ORDER REGARDING COSTS**

12

Plaintiff,

13

vs.

14

MICHAEL AGUIRRE, et al.,

15

Defendants.

16     On May 18, 2007, the Court ruled on various motions for summary judgment filed

17  by the parties.  (Doc. No. 736.)  On June 26, 2007, after supplemental briefing, the Court

18  entered an order granting Defendants' motions for summary judgment on the remaining

19  federal claims and declined to exercise supplemental jurisdiction over the remaining state

20  law claims.  (Doc. No. 753.)

21     On June 29, 2007, the Court entered an order allowing supplemental briefing

22  regarding costs.  (Doc. No. 756.)  Plaintiff filed its supplemental brief on July 27, 2007.

23  (Doc. No. 760.)  Aguirre filed a supplemental brief on August 10, 2007.  (Doc. No. 762.)

24  The City, Individual Defendants, and SDCERS filed a supplemental brief on August 10,

25  2007.   (Doc. No. 763.)   Aguirre filed a notice of joinder in the City, Individual

26  Defendants, and SDCERS' brief on August 13, 2007.  (Doc. No. 764.)  For the reasons

27  stated below, Defendants are the prevailing parties in this action and are entitled to all

28  of their recoverable costs incurred during this litigation.  Additionally, neither party is

1   entitled to recover its attorneys' fees.

2   **Discussion**

3   Rule 54(d)(1) of the Federal Rules of Civil Procedure sets out the default rule that

4   costs are awarded to the prevailing party: "Except when express provision therefor is

5   made either in a statute of the United States or in these rules, costs other than attorneys'

6   fees shall be allowed as of course to the prevailing party unless the court otherwise

7   directs[.]"   The Southern District of California Civil Local Rules explain when a

8   defendant is the prevailing party for purposes of taxing costs: "The defendant is the

9   prevailing party upon any termination of the case without judgment for the plaintiff

10  except a voluntary dismissal under Fed. R. Civ. P. 41(a)."  Civ. L.R. 54.1(f).  Here,

11  Defendants are the prevailing party and Plaintiff has failed to overcome the presumption

12  in favor of awarding Defendants their costs.

13  **A.    Defendants are the Prevailing Parties**

14  **1.    Defendants Have Prevailed on the Entire Federal Action**

15  If a court enters judgment in favor of a party, that party is the prevailing party

16  under Rule 54(d).  <u>See generally</u> <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir.

17  1996).  A party need not prevail on every issue to be considered the prevailing party.

18  <u>See, e.g.</u>, <u>Hashimoto v. Dalton</u>, 118 F.3d 671, 677 (9th Cir. 1997) (interpreting

19  prevailing party in context of a request for attorneys' fees).  Additionally, as noted in the

20  Local Rules, absent a plaintiff's voluntary dismissal of an action, the defendant is the

21  prevailing party whenever the case is terminated without a judgment for the plaintiff.

22  Thus, in cases in which courts have granted judgment in favor of defendants on federal

23  claims and declined to exercise jurisdiction over remaining state claims, courts have

24  determined that defendants were the prevailing parties for purposes of Rule 54(d).  <u>See,</u>

25  <u>e.g.</u>, <u>Ogborn v. United Food and Commercial Workers Union</u>, 305 F.3d 763, 770 (7th

26  Cir. 2002); <u>Head v. Medford</u>, 62 F.3d 351, 353 (11th Cir. 1995); <u>see also</u> <u>Sasser v.</u>

27  <u>Amen</u>, 57 Fed. Appx. 307, 309 (9th Cir. 2003) ("The district court denied costs simply

28  because it concluded that the [dismissed] RICO claims are 'intertwined' with pendant

state-law claims, which it dismissed without prejudice. However, the district court's decision to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims does not change the fact that Defendants are fully the prevailing party in *this* federal case.").

In its supplemental brief, Plaintiff argues that it may be considered the prevailing party. Plaintiff cites no authority supporting its position that it may be considered a prevailing party under the circumstances in this case. Rather, the cases upon which Plaintiff relies all involved settlements or a court granting a plaintiff some relief. See, e.g., Richard S. v. Dep't of Dev. Svcs., 317 F.3d 1080 (9th Cir. 2003) (settlement including permanent injunction); Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128 (9th Cir. 2002) (settlement for $10,000); Fischer v. SJB-P.D. Inc., 214 F.3d 1115 (9th Cir. 2000) (settlement providing for equitable relief). Additionally, Plaintiff references the results of a related state action. Plaintiff, however, cites no authority for the proposition that it may recover costs in this federal litigation based on involvement in a separate state court action. Accordingly, Plaintiff's contention that it should be considered a prevailing party is without merit.

Defendants are the prevailing parties in this case. As to Aguirre, the Court granted summary judgment in his favor on Plaintiff's claims. As to the remaining Defendants, the Court granted summary judgment as to the federal claims and declined to exercise jurisdiction over the supplemental claims. Accordingly, Defendants have fully prevailed as to this federal case.

## 2. Costs Should Not Be Apportioned

As noted, Defendants have prevailed as to all claims in this federal litigation. Additionally, courts generally decline to apportion costs even where the prevailing party is only partially successful. For example, in K-2 Ski Co. v. Head Ski Co., the Ninth Circuit upheld the trial court's refusal to apportion costs even though the plaintiff prevailed on only two of twelve trade secret claims. 506 F.2d 471, 476-77 (9th Cir. 1974). The court explained: "Although a plaintiff may not sustain his entire claim, if

05cv1581

judgment is rendered for him he is the prevailing party." <u>Id.</u>  Similarly, in <u>Sorgen v. City and County of San Francisco</u>, the court awarded all costs to the defendants after granting summary judgment in their favor on all claims except one state law claim, which the court remanded.  Case No. 05-CV-03172, 2007 WL 1514432 (N.D. Cal. May 21, 2007).  The court noted that "the federal litigation concluded in Defendants['] favor, and thus they are 'prevailing parties' within the meaning of Rule 54(d) irrespective of whether or not they prevailed on all issues."  <u>Id.</u> at *2 (citing <u>K-2 Ski Co.</u>, 506 F.2d at 477).  Moreover, the cases Plaintiff cites do not support apportionment, but instead address what costs are recoverable under the federal cost statute.  <u>See, e.g.</u>, <u>Sorbo v. United Parcel Svc.</u>, 432 F.3d 1169 (10th Cir. 2005) (district court improperly allowed reimbursement for items not within the scope of the federal cost statute); <u>Thomas v. Treasury Mgmt. Ass'n</u>, 158 F.R.D. 364 (D.C. Md. 1994) (same).

Here, the Court has granted summary judgment as to the federal claims and declined to exercise jurisdiction as to the state law claims.  Thus, this federal litigation has concluded entirely in Defendants' favor, and Defendants are entitled to all of their costs in defending this case.  Moreover, even were the Court to determine that Defendants did not prevail as to the state law claims, the Court would decline to apportion costs because Defendants prevailed on the federal claims and Plaintiff has not prevailed on any of its claims in this case.

**B.      Plaintiff Has Not Overcome the Presumption in Favor of Awarding Costs to the Prevailing Party**

Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party.  <u>See, e.g.</u>, <u>Amarel</u>, 102 F.3d at 1523.  "[T]he losing party must show why costs should not be awarded."  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003).  While a district court has discretion to refuse to award costs, that discretion is limited.  <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 591-92 (9th Cir. 2000).  If a court refuses to award costs, it must specify the reasons for the refusal.  <u>Id.</u>  In other words, the court must "explain why a case is not 'ordinary' and why, in the

circumstances, it would be inappropriate or inequitable to award costs." <u>Champion Produce, Inc. v. Ruby Robinson Co.</u>, 342 F.3d 1016, 1022 (9th Cir. 2003); <u>Save Our Valley</u>, 335 F.3d at 945 (A district court need not specify reasons for abiding by presumption of taxing costs against the losing party.  "A district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'").

The Ninth Circuit has discussed, with varying degrees of approval, several reasons that may justify denial of costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on civil rights litigants; (4) the issues in the case were close and difficult; (5) the prevailing party's recovery was nominal, partial, or substantially less than that sought; (6) the losing party litigated in good faith; and (7) the case presented a landmark issue of national importance. <u>See</u> <u>Champion Produce, Inc.</u>, 342 F.3d at 1022-23.  Plaintiff has not shown that these factors justify denial of costs in this case.

First, Plaintiff has not offered any evidence that its resources are significantly limited or that there is a great disparity between the resources available to the parties. Second, Plaintiff has not submitted any evidence of misconduct by any of the Defendants.  Third, Plaintiff has not shown that the costs here, particularly when compared to the fees and costs typically incurred in civil rights litigation, are so large as to have a chilling effect on future civil rights litigation. Fourth, the Court has granted summary judgment in Defendants' favor on all the federal claims and declined to exercise jurisdiction over Plaintiff's remaining state law claims.  Thus, Defendants' recovery was not substantially less than sought.  Fifth, while the City's pension fund is an important issue, the questions raised by Plaintiff's suit do not rise to the level of "landmark issues of national importance."

With regard to Plaintiff's good faith and whether the case was close and difficult, although courts have noted the significance of these factors, courts in the Ninth Circuit have not denied costs solely on these grounds.  The Ninth Circuit has observed that the

05cv1581

1   good faith of the losing party alone is insufficient to justify denial of costs to the

2   prevailing party:

>   All parties to a federal action have an obligation to act in good faith and
>   with proper purpose.  It follows that noble intentions alone do not relieve
>   an unsuccessful litigant of the obligation under Rule 54(d) to compensate
>   his opponent for reasonable costs.  "If the awarding of costs could be
>   thwarted every time the unsuccessful party is a normal, average party and
>   not a knave, Rule 54(d)(1) would have little substance  remaining."

7   Nat'l Info. Svcs. Inc. v. TRW, Inc., 51 F.3d 1470, 1472-73 (9th Cir. 1995) (quoting

8   Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 775-76 (7th Cir. 1975)), overruled

9   on other grounds, Ass'n of Mexican-American Educators, 231 F.3d at 592.  Similarly,

10  were a court to deny costs solely on the basis of a case being close or a losing party's

11  case having merit, it would effectively eliminate the presumptive award of costs under

12  Rule 54(d).

13       In sum, Plaintiff has not shown that this case is one of the extraordinary instances

14  in which the Court should refuse costs to the prevailing party.  Accordingly, as the

15  prevailing parties, Defendants are entitled to their costs under Rule 54(d).

### Conclusion

17       For the reasons stated above, Defendants are the prevailing parties for purposes of

18  a cost award under Rule 54(d).  Further, Defendants are entitled to recover all of their

19  costs.  Neither party is entitled to recover its attorneys' fees.

20       IT IS SO ORDERED.

21  DATED:  August 24, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:
All Counsel of Record